Good morning. First case we will call for argument is Sheldon Stevens v. Kevin Clash. Mr. Murmelstein? Yes, your honor. May it please the court and my name is Stuart Murmelstein. I represent the appellate Sheldon Stevens. I would like to reserve three minutes for rebuttal. Granted. This is an appeal of orders granting motions to dismiss pursuant to rule 12b-6 based on a statute of limitations. The case alleges the sexual abuse of a minor and brings claims under federal and state law. There are two issues that are raised in this appeal. The first issue is whether the 18 U.S.C. section 2255B in a case alleging child sexual abuse and the second issue is whether Pennsylvania's borrowing statute under which the period of limitation of another state's statute of limitations. We're with you on the issues. I'm pretty sure we've all heard the were aware that your opponent vigorously disputes that the statute of limitations didn't accrue. Can you respond if you would please to the argument that's made on page 9 of their and present cause of action when the plaintiff can file suit and obtain relief and then assert that your client could have filed suit and obtained relief immediately upon the alleged statutory violations. Is it an accurate statement that your client could have filed suit immediately after coming back from one of the trips to New York? In fact it's not your honor and the reason is based on the discovery rule. Because that statement in Wallace is not as consistent with the discovery rule. Is it true that he could have filed suit immediately upon returning from one of those trips? He was the victim of effectively a sexual battery at the very least at that point correct? Consensual because he keeps saying he's not a non-consensual participant. A suit could have been filed at that time could it not? If he had been aware that he was sexually abused. The court said he was on inquiry notice. Is your contention in response to Judge Jordan's question that he was unaware of what effectively was a battery that is the offensive touching of another person? He was unaware yes that he was abused that he had suffered any injuries. Let's use the words that are being asked within the question. So he was aware he had been touched by an adult male in a sexual manner. I'm not disputing that. Right and that in and of itself was at the time under and still is under the law of Pennsylvania and every other jurisdiction I a sexual battery for which he could have filed suit at the time correct? Without considering the effect of the discovery rule. Now we're putting that aside. I'm not I'm not you can go ahead and include the if you want the effect of the discovery rule. The question isn't about the discovery rule. It's just the straightforward question of whether had he chosen to he could have filed suit then. There was a complete cause of action available to him at that time was there not? There there was if he knew or should have known and I have to qualify it with the discovery rule because the discovery rule is available to him. He knew he was being transported across state lines. Let's let's put we can put it that way. Okay for what for sexual purposes right? Yes what he didn't know. Okay well okay stop at the yes. Doesn't the yes answer Judge Jordan's question? He knew that they were that that was a that was a federal offense to to have the chauffeur come and take him to New York. If we've established that we have established that right? Yeah yes I he was 16 years old. He was touched by an adult male. He was transported across state lines. He was aware of that yes. A cruel of a claim here under probably a number of and the answer is no because the cruel occurs when the plaintiff knew or should have known that he was injured number one and that the injury was caused by the violation of the statute. Well language from one of our gram cases talks about a cruel occurring occurring once events all the elements of the cause of action have taken place. Now I thought you had conceded that there had at the very least been a technical battery that occurred here because he was aware of the touching that took place in a sexual manner. That sounds like the elements of a cause of action having taken place. But the the statute applies or allows for the application of delayed accrual. If you read that into it right aren't you effectively asking us to read an element into this statute that otherwise doesn't appear there? I disagree that it doesn't appear there because the language of the statute states when the right of action first accrues and that action and that language had been construed by the courts prior to 1986 when section 2255 was enacted to mean application of the discovery rule. That's the Urey and Cooper cases. If you look at the analysis of the white case in the 11th circuit it lays it all out and that's set out in our brief and and and essentially um when the when the how should we view the supreme court's TRW opinion with respect to this case as in that what you're asking us to do is determine whether or not there's a discovery rule in the statute that is silent as to the existence or the applicability or the inclusion of a principles of statutory construction. There was a particular language used in the statute which had been construed at the time in 1986 to provide for application of the discovery rule. That's still good law. Kubrick, Urey and and that's all analyzed in the white case. What happened in 2011? You say that in 2011 all of a sudden he got this understanding. What what happened in 2011? Well that's outside the uh the limits of the complaint. The complaint Wait a minute. We have your brief to to read also. Don't tell me it's outside the complaint. His position is that I mean it's a statute of limitations. He said it doesn't start until 2011. What happened in 2011? Or is it 2012? I believe it was 2011 and uh uh whether through therapy or I don't have the underlying facts. Well you're the lawyer. You should have it. Yes but but we're dealing with the four corners of the complaint. This is a motion to dismiss and the allegation that you're referring to is really one we really didn't need to make. We should ignore your brief. We can't. No no no the the the allegation the question of diligence here uh and we cite the Schmidt case. I have that question. Okay but but again it wasn't uh our client's burden to show his diligence in the complaint. Ellen you're appealing and you tell us that the statute of limitations starts to run in 2011. Okay what happened in 2011? I mean he knew he knew the chauffeur was coming to get him numerous occasions. We're not talking about one occasion or two occasions. This is a repeated from the very beginning. What what happened in 2011 would have been uh when he first became aware realized the connection between the uh the the violation of the statute and his injuries. That that's what happened. That's the discovery you point to. That that's the discovery we're pointing to and the underlying facts would show that. At best it's the discovery of certain injuries from which certain damages would flow. Right. Correct and the connection to the he discovered that he was injured. But but. And he discovered that he made a connection. You don't deny do you and I assume consistent with your earlier answers to some questions that the elements had been met such that damages could have been demonstrated for an injury that was an element of a cause of action in the nature of battery. So the sequence of events you're suggesting seems to be if I understand the concession that I thought you made that there would have been a cause of action accrued some earlier date of which damages could flow. But that until the discovery of the psychological component to this until that accrues later on is there a separate cause of action arises out of that or are we simply talking about damages that weren't apparent to it? I think when I acknowledged earlier what was was was the plaintiff's awareness of the underlying facts. Awareness of. The facts. A battery. Right the facts underlying the claim. A touching of a sexual nature. Right and what he wasn't aware of what was that this was injurious to him or making connection from his injuries to to the abuse that there are there are statutes that I cite or cases in the country that recognize the delayed discovery doctrine in cases of child sexual abuse and and these same questions are present in those cases. There are lots of cases that in fact there are many states that have statutes that specifically provide for certain statute limitations that extend those and in 2255 the argument is made by your opponent which was accepted in the Southern District of New York that 2255 actually contains an exception an extension in the statute of limitations that it provides specifically for three years after somebody overcomes a legal disability such as minority status and that is weighing of this what what's wrong with that argument why should we insert another exception a discovery rule exception when congress has seen fit to already provide the exception it wants. Well the statute's written in the disjunctive the three years after majority after reaching the age of majority or six years from when the right of action first accrues now congress recognized in 2255 that what it was granting a civil remedy for was a variety of statutory violations many of which or most of which involve compliant sexual activity that doesn't respond to George's question to ask his question in a different way why doesn't the inclusion of the three-year extension suggest that congress had every opportunity to include what you are suggesting exists here considered it and chose only to include a three-year extension based on legal disability that would be reading a great deal into it number one number two the language right of action first accrues his question doesn't read anything into it it just says this is the language that i'm looking at and why does he have to but why should he be why is judge smith's reading something into it because well if you look at the language when the right of action first accrues again that's discovery rule language that's established in muri and kubrick that the the legislature congress use that language intending that a discovery will be applied to the six years we understand that we'll have one more question sure yeah that's all right okay we'll have you back in rebuttal so good morning may it please the court my name is michael berger and i represent kevin clash i submit to you that this is a very straightforward case mr stevens had two hurdles to clear first that the discovery a discovery rule applied to the statute which was silent on it which had an exception that did not involve discovery and second that the facts pleaded by mr stevens made that discovery a cruel rule exception applicable to mr berger let me ask you a question uh right at the outset uh there there's a jury possibility in a uh in this kind of case right did um the plaintiff waive the jury uh i don't believe i don't have the uh it's part of the record i don't issue here that should go to a jury i.e what happened absolutely not uh go ahead tell me why not sure okay tell us of course to begin with as mr uh normalstein uh admits at page nine of his brief absent a discovery accrual rule his federal claim is time barred period and the pennsylvania statute which i'll get into later also makes it time barred so if it is if there's no discovery accrual rule uh and judge uh colon a very well-reasoned scholarly opinion uh no no no no judge codal in the southern district on the issue of whether the discovery rule uh uh every court a unanimous second judge codal himself a unanimous second circuit in affirming uh judge codal's opinion and chief judge connor in an extremely detailed and thoughtful uh also said that even assuming that a discovery rule applied it would not apply but that doesn't doesn't our precedent at least suggest that the discovery rule is the default no i don't think so that absent some contrary give me the exact language that a contrary directive from congress by by explicit command or by implication from the structure and text of the statute we apply this i don't believe so uh for several reasons first of all trw uh in effect counsels against it but judge codal didn't hold that trw didn't well i i submitted it can be easily read to suggest that that you can't infer justice scalia separate opinion might be read a little bit stronger okay uh but in any event it's clear that the mere uh that that there are a number of ways other than expressing uh a statement like there is no discovery rule by which a a congress can evidence its intent all right yeah that's all i'm saying that i was i was asking as a predicate whether or not there was whether there seemed to be a default position unless i mean unless is what i think gives rise here to uh whether there's a contrary directive or something else in the structure sure if i may i'd like to address that sure okay all right start as judge codal did with the proposition that the statute is silent on it and it was silent on it after all of the uh other cases depending on you know the specific statute because it was amended a couple times but it was done i ask you to interrupt you just for a moment you say it was silent on it you're kind of blowing past your opponent's assertion that it's not silent it uses the language of accrual it speaks specifically in the terms that the federal tort claims act and that those causes of action have been understood even in supreme court precedent on the discovery rule to include a discovery exception so um well why is that a good argument because even those very cases say that the term accrue doesn't shed so much light on it because it is read as i believe the panelists uh uh correctly conclude or i suggest asking questions that accrued means legally enforceable i mean i think that's at least what i understood these cases uh to me and what i understood the thrust of your questions to be but in any event i submit that accrual itself become means becomes legally enforceable and so what congress was doing i think judge codal concluded this was saying that it doesn't need to inject anything else because it provided a remedy at a time when the case became legally enforceable when a battery occurred and the person understood he was a victim of a sexual assault regardless of his alleged later connect the dot subjective awareness of some kind of causal connection when it somehow occurred to him that he was injured by having sex with a person and he figured out years later that the cause of the injury was the person who had sex put aside that circular analysis that the shova court rejected and every other court has rejected but that has addressed the issue but getting back to judge codal and the issue of the accrual the statute is silent except for the word accrue and i say that's dealt with by reason of the fact that accrual means legally enforceable second congress was aware of other state statutes and decisions dealing with a discovery rule and it came up with an exception it as uh you as jordan just said it said that there is going to be an exception it created a safety valve for minors to allow them to go through the period of judge code on that absolutely even if the discovery rule applies though the second circuit hung its hat on a lack of diligence and i want to i want to ask you if that is a sound reasoning that we can rely on in light of the recent decision from this court in schmidt which when it was affirmative defense we're not supposed to be doing that and so to ask the plaintiff to have pled in the complaint reasonable diligence is an unfair and inappropriate burden to put on the client what's what's your response to that well i would say that schmidt was legally and factually different in so many respects i'd like to certainly factually distinct but i'm sure i'll get to the sure okay it was a fiduciary claim a breach of fiduciary duty where smith was schmidt rather for lack of a better term a sandbag by the people who uh by management because he was a shareholder he was convinced on the basis of announcements that his shares were only worth a couple of pennies sure i'm familiar with the facts then there were several sure to the legal principle legal principle announced in schmidt as i understood it was uh and and maybe there's a nuance to it that you can point us to or a distinction uh that uh you shouldn't ask a plaintiff to plead reasonable diligence in the ordinary case and what i'm saying is well first of all itself this court in schmidt itself it said that there is a lower standard for a plaintiff uh and if i do share duty on this actual text of the case so it's clear that they're that or it's weaker i think they use the term requirement but getting back to the issues in schmidt he had no way of knowing in contrast to mr stevens who knew instantly that he was a victim and under go in the sixth circuit case that judge connor relied on uh it was clear that he uh understood he was a victim of that codal judge codal found that and uh i think that the second circuit did but schmidt had no way of knowing the things that he later learned are you are you suggesting something about the face of the complaint when you say that i'm i'm no i'm saying because i'll read you the language of schmidt while the court may entertain a motion to dismiss on statute of grounds it may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead in a complaint fact sufficient to overcome an affirmative defense and i don't have a problem with that concept but but he did no statute of limitations is an affirmative defense what is it about your case that makes it okay for judge there to to say uh even if discovery rule applies you didn't show diligence what's what's the trial because the facts that mr stevens did plead show knowledge of victimization which itself triggered approval okay second it showed uh constant awareness of the process he was aware uh that he was being asked to come into uh new york so he had storm warnings having sexual contact so was the you're saying the face of the complaint makes it appropriate to to to put that burden on the plaintiff because the plaintiff has pled things that show there wasn't a cruel and therefore there should have been absolutely as judge connor said there's no way one could review that complaint and conclude that uh mr stevens who was on inquiry notice an object of standard and had storm warnings of the fact that he was having he as a minor was having sex with a uh an older man and he's crossing state lines to do so uh he didn't even purport to uh claim uh any kind of diligence much less due diligence so to the extent that is the test he flunked it so let's shift over to the state law claim because uh so far we haven't talked about that but uh there's this uh interesting question of whether the tolling rules of new york state or the tolling rules of pennsylvania should apply you concede which should not that if the pennsylvania tolling rules apply that state cause action state cause of action is timely no no i don't conceive that um the only the two-year statute uh for non-forcible compulsion would apply and he would be out of court on that the only way he gets into court is uh if this court concludes despite loss uh the restatement uh the plain language of the borrowing statute and every other authority against him uh that he had forcible compulsion after being showered with affection and the only threat he had i guess was if he didn't have sex with mr clash he might not get an acting or modeling assignment and i i i'm a former assistant district attorney i i i can't imagine that suffices as forcible compulsion in any state in the union so uh he couldn't believe that compulsion is defined as uh not physical force only it's emotional it's psychological i mean the point pennsylvania broadly defined it does but the cases that have it may define it in the statute but the cases that burke was in the other cases that i've cited in my brief don't don't uh accord don't provide that such things are forcible compulsion especially because one element of that uh statute is uh a um this was compliant it was not only that you have to show that uh it was for sufficient to overcome a person of reasonable resistance and there's no resistance there's total compliance well we're talking about a minor here right no i understand by definition there can't be consent right no that's that's the that's with the respect i i that that is a different issue than whether someone had resistance i understand the statutory there's a difference between did you resist and did you consent as a legal matter there could not be consent and so uh you can't really go to the issue of uh a reasonable person here because we're talking not about reasonable person the answer we're talking about a minor i don't agree i have a question about that if i can is there any theory out there that distinguishes minor from a five-year-old and a 16-year-old i'm not aware of and there are certainly in new york uh there are there are gradations uh and he would be in effect uh the least vulnerable of any uh minor with regard to sexual misconduct because of the fact that he was close to the age of majority but we let them thrive right well you just made it a significant point and i guess what judge asking i'd be interested in knowing you too is do you have legal authority for that for the assertion that as you approach the age of majority uh the uh the argument that you're incapable of meaningful consent has less force i'm sorry forgive me i didn't mean to say that that the issue of consent changes i'm saying that the the relative culpability and the age uh differences change in the new york statutory scheme uh depending on whether you're under certain ages i'm not suggesting that there's some uh imputed consent or something like that but what i'm saying is back to your original point original question lack of consent does not equal force and if it did then every uh inappropriate fondling of a five-year-old would constitute forcible rape and it doesn't so uh or forcible misconduct and so in every compliant sexual activity by a 16-year-old would constitute rape if there were no distinction and there clearly is and the difference is they still use force and they still use force and resistance i'm not in my time but if i may continue i'm not sure what you just said i'm saying that lack of consent lack of consent okay is not the same as forcible compulsion i'm saying that uh there's no question but that mr stevens was compliant and that he never resisted and i'm saying that the pennsylvania law has a resistance component in the sense that not not that there has to be necessarily shunned but it has to be forced sufficient to overcome a reasonable person's resistance is there another question thank you if i could first address the question of forcible compulsion i want to note that the case of uh which both parties cite that involved a seven year 17 year old uh high school student and her her band teacher in the court there held that there was an issue of fact that precluded dismissal on the issue of forcible compulsion and um as as your honor indicated uh you know you're talking about psychological moral intellectual uh compulsion going well beyond the physical sure so that presents issues in fact you would you would agree i think that it's it's true that consent uh and inability to consent does not mean by definition there's been forcible compulsion right those are separate legal ideas well they have to be right otherwise the forcible compulsion part of the pennsylvania statute is superfluous if by definition they can't consent because they're minors and if that meant forcible compulsion there'd be no reason to put forcible compulsion in the statute yes they're different concepts you don't automatically have forcible compulsion all right yeah yes but it is an issue of fact so you have to have pledged something to to raise a factual question right i mean when you say you'd point this to this case where it was a factual question whether forcible compulsion was exercised what can you show us in the complaint that shows there's a fact issue when the complaint is replete with assertions that your client was compliant was willing was was happy to accept the attentions and and perhaps gain the advantages of the relationship with mr clash well the plaintiff was groomed he was mentored by by mr clash he was uh well what is that induced into this i mean what how does that yeah when you say groomed and mentored how does that get us the forcible compulsion how does it raise a fact question about forcible because when when you when you look at an intellectual uh psychological compulsion uh uh the clash established this relationship with uh mr stevens and uh uh and and and basically uh given uh mr stevens lack of maturity does that drain it of all meaning if you if you say there was a relationship and therefore there was psychological force then then any encounter is going to be forcible right where there's some relationship well where there is there was a significant relationship here i i mean if you have a um say a one-night stand with a minor um i uh imagine that case would be problematic for for for forcible compulsion so but so there is something forcible about the repetitive nature of such sexual conduct well uh uh is that what you're suggesting by referring to when i stand i mean that it's you could just as easily argue to the contrary but that the one i stand is forcible the repetitive nature suggests compliance yes but but compliance compulsion is not inconsistent with compliance in fact the two can go together when there's when there's intellectual moral psychological pressure if we accept your theory we are doing away with statute of limitations because anybody could come and say oh i now realize in my head but i didn't realize before that i don't have a broken leg i don't have anything objective that you can look to but when don't apply the statute of limitations well remember this is tied into the the 12-year tolling provision after majority of the state statute if you accept pennsylvania rather than new york which is like one year as i recall yeah it we're we're basing this on on this portion of the argument on if pennsylvania uh if the pennsylvania tolling statute applies if the polling statute doesn't apply why should pennsylvania apply when all the acts took place in new york well i don't necessarily agree with that uh you don't agree with what part of it that that our client was he's a pennsylvania citizen resident he was lured from he was contacted in pennsylvania he was lured here he was picked up by the chauffeur and and brought to uh uh new york for purposes of the sex act and the touching of which you complain took place in by mr clash i mean he determined where he was going to abuse the plaintiff well i'm not sure what difference that makes but i also am sure that you're well beyond the period of time we allotted for rebuttal well thank you thank you thank you we will thank both of counsel for their arguments and we'll take the matter under advisement